UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 29 2008

Michael N. Milby, Clerk of Court

| | |
|---|---|
| MARCOS SANCHEZ-CORTEZ, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ADRIAN R. RAMIREZ, )<br>Interim Field Director )<br>for Detention and Removal, Immigration )<br>and Customs Enforcement, Department )<br>of Homeland Security, GREG BALL, )<br>Chief Counsel for Immigration and )<br>Customs Enforcement, MICHAEL )<br>CHERTOFF, Secretary of the )<br>Department of Homeland Security, )<br>MICHAEL B. MUKASEY, United )<br>States Attorney General and )<br>Ernesto Velasco, Head Warden )<br>Willacy County Detention Center, )<br>)<br>Respondents, ) | Case No.: B-08-435 |

## PETITION FOR WRIT OF HABEAS CORPUS

This is a petition for a writ of habeas corpus filed on behalf of Marcos Sanchez-Cortez, seeking declaratory and injunctive relief to remedy his unlawful detention. Petitioner, Mr. Sanchez-Cortez is in the custody of Mark Moore, Gregg Ball, Michael Chertoff, Michael B. Mukasey, and Ernesto Velasco, even though he has been an immigration judge has already ordered Petitioner released on a bond of four thousand dollars. Respondent continues to remain detained by Respondents even though Respondent's waived their right to appeal the immigration judges bond decision.

## CUSTODY

1. Mr. Marcos Sanchez-Cortez is in the physical custody of Respondent, Mark Moore, Interim Field Office Director for Detention and Removal, Immigration and Customs Enforcement(ICE), the Department of Homeland Security(DHS), Gregg Ball, Chief Counsel for ICE, Michael Chertoff, Secretary of DHS, Michael Mukasey, Attorney General and Ernesto Velasco, Head Warden of Willacy County Detention Facility in Raymondville, Texas. The Willacy County Detention facility contracts with the DHS to detain immigrants such as Mr. Sanchez-Cortez. Mr. Sanchez-Cortez is under the direct control of Respondents and their agents.

## JURISDICTION

2. This action arises under the Constitution of the United States, the Immigration and Nationality Act, as amended(INA), 8 U.S.C. §1101 et.seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996(IIRIRA), Pub. L.No. 104-208, 110 Stat. 1570. This Court has jurisdiction under 28 U.S.C. §2241, art. I, § 9, cl. 2 of the United States Constitution (Suspension Clause) and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of the United States law and such custody is in violation of the U.S. Constitution, laws, or treaties of the United States. This court may grant relief pursuant to 28 U.S.C. § 2241, and the All Writs Act, 28 U.S.C. §1651.

## VENUE

3. Venue lies in the United States District Court for the Southern District of Texas, the judicial district in which Petitioner's immediate custodian, Erasmo Velasco resides. 18 U.S.C. §1391(e).

## PARTIES

4. Petitioner, Marcos Sanchez-Cortez is a citizen and national of El Salvador. He entered the United States without inspection and subsequently was granted Temporary Protected Status. He will be

seeking a renewal of this benefit in removal proceedings and in the alternative, will apply for cancellation of removal for certain non-permanent residents pursuant to INA, 8 U.S.C. §1240.

5. Respondent, Mark Moore is the Interim Field Office Director for Detention and Removal, ICE, DHS. Respondent Moore is a custodial official acting within the boundaries of the judicial district of the United States Court for the Southern District of Texas, Brownsville, Division. Pursuant to Moore's orders, Petitioner remains detained.

6. Respondent, Erasmo Velasco is the Head Warden of the Willacy County Detention Facility in Raymondville, Texas. He is Petitioner's immediate custodian.

7. Respondent Michael Chertoff is the Secretary of DHS.

8. Respondent Michael Mukasey is the United States Attorney General.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Mr. Sanchez-Cortez has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action.

## STATEMENT OF FACTS

10. Petitioner is a native and citizen of El Salvador who first entered the United States without inspection on or about 1995. After entry, Petitioner applied for and was granted Temporary Protected Status and maintained said status until on or about 2005. However, Petitioner contends that he is still eligible for Temporary Protected Status(TPS) and intends on renewing the same in removal proceedings.

11. Petitioner was arrested and detained by DHS at the Mcallen, Texas international airport on or about February 2008. He was then transferred to the Willacy County Detention Facility in Raymondville, Texas where he remains detained in the custody and control of Respondents.

12. Petitioner was subsequently issued a Notice to Appear(NTA) and DHS filed the NTA with the immigration court in Harlingen, Texas, formally placing Petitioner in removal proceedings pursuant to §240 of the INA thereby vesting jurisdiction with the immigration judge.

13. Petitioner filed and was granted a bond redetermination hearing on or about February 21, 2008. At said hearing, the immigration judge ordered Petitioner released upon the posting of a bond in the amount of four thousand dollars. DHS waived appeal of this decision thereby making it a final order.

14. On or about March 5, 2008, DHS orally motioned the immigration court to terminate removal proceedings and the immigration judge erroneously granted their request. Respondents allege that Petitioner is subject to reinstatement of removal and sought termination for that purpose.

15. Petitioner appealed the immigration judges decision and the Board of Immigration Appeals(BIA) granted Petitioner's appeal and remanded proceedings back to the immigration judge for further proceedings.

16. Petitioner is still under the jurisdiction of the immigration judge and the immigration judges bond order remains unchanged. Nevertheless, on July 9, 2008, the DHS unilaterally reissued a custody determination on form I-286 ordering Petitioner detained in the custody of DHS without bond. Respondent's have no authority under the INA or regulations to issue an I-286 where an immigration judge has already made a custody determination and where DHS waived their right to appeal.

17. Counsel for Petitioner has been in contact with ICE on several occasions and has attempted to post Petitioner's bond. However, Respondent's have refused to follow the final order of the immigration judge and continue to deny Petitioner's release from detention.

18. Petitioner is at the mercy at the hands of the Respondent's continued detention and without any authority to continue to detain him.

## CLAIMS FOR RELIEF

### COUNT ONE: CONSTITUTIONAL CLAIM

19. Petitioner alleges and incorporates by reference paragraphs 1 through 18 above.

20. Petitioner's detention violates his right to substantive and procedural due process as guaranteed by the Fifth Amendment to the United States Constitution.

### COUNT TWO: ADMINISTRATIVE PROCEDURES ACT

21. Petitioner alleges and incorporates by reference paragraphs 1 through 18 above.

22. Petitioner's continued detention pursuant to 8 C.F.R. 1236.1 violates the INA to the extent Respondent's contend they have authority under such regulation to detain Petitioner in direct violation of the order of the immigration judge.

### COUNT THREE:

23. Petitioner alleges and incorporates by reference paragraphs 1 through 18 above.

24. By failing to allow Petitioner to post his bond, Respondent's have violated the Administrative Procedures Act because their actions constitute agency action that is arbitrary, capricious and not in accordance with law. 5 U.S.C. §§701 et. seq.

### COUNT FOUR:

25. If he prevails, Petitioner requests attorney's fees and costs under the Equal Access to Justice Act(EAJA), as amended, 28 U.S.C. §2412.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Order Petitioner's release from custody;

3. Award Petitioner reasonable costs and attorney's fees;

4. Grant any other relief which the Court deems just and proper.

Respectfully Submitted,

Stephen R. Ramirez, Esq.
TX Bar No. 24029782
Law Offices of Garcia and Ramirez, P.C.
1212 E. Harrison, Ste 189
Harlingen, Texas 78550
Phone: (956)428-6500
Fax: (956)428-8500
ATTORNEY FOR PETITIONER

## VERIFICATION OF COUNSEL

I, Stephen R. Ramirez hereby certify that I am familiar with the cased of the named Petitioner and that the facts as stated above are true and correct to the best of my knowledge and belief.

Stephen R. Ramirez, Esq.